## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BESSEYE NEAL, <u>et</u> <u>al.</u>,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 93-2420 (RCL)** |
| ) | |
| **DIRECTOR, D.C. DEPARTMENT** ) | |
| **OF CORRECTIONS, <u>et</u> <u>al.</u>,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION

This matter comes before the Court on defendants' motion [2368] to reconsider and to amend the Court's Order [2367] filed October 5, 2005.  Defendants argue (1) that this Court failed to define quasi-judicial immunity granted to the Office of the Special Inspector ("OSI") and (2) that the duration of quasi-judicial immunity granted OSI should be limited.  Upon consideration of defendants' motion, the opposition thereto, the reply brief, the applicable law, and the record in this case, the Court will deny defendants' motion [2368] to reconsider and to amend the Court's Order.

## BACKGROUND

Alan Balaran served as Special Inspector pursuant to the Court-approved Consent Decree, under which he enjoyed quasi-judicial immunity, until February 4, 2004.  Upon expiration of the Consent Decree, Mr. Balaran entered into a contract with defendants pursuant to which he would remain in the role of Special Inspector.  In the absence of the Consent Decree, however, he was no longer protected by quasi-judicial immunity.  On July 6, 2005, plaintiffs filed a motion [2358]

1

to extend the jurisdiction of the Court pursuant to the Consent Decree entered in this civil action for the sole purpose of granting quasi-judicial immunity to the OSI. On October 5, 2005, the Court granted plaintiffs' motion. The Court's Memorandum set forth the basis for the Court's Order.

In their present motion, defendants urge the Court, pursuant to Federal Rule of Civil Procedure 59(e), to reconsider and amend the October 5, 2005 Order. Defendants insist that reconsideration is warranted because the Court failed to specify whether its grant of immunity is limited to civil actions and whether OSI's immunity will survive Mr. Balaran's tenure.

## ANALYSIS

### A.    Standard of Review

A district court has considerable discretion in ruling on a Rule 59(e) motion. Piper v. DOJ, 312 F. Supp. 2d 17, 20 (D.D.C. 2004) (citing Rann v. Chao, 209 F. Supp. 2d 75, 78 (D.D.C. 2002)). The Court properly invokes its discretion to grant a Rule 59(e) motion if it finds there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. Id. at 21 (citing Anyanwutaku v. Moore, 151 F.3d 1053, 1057-58 (D.C. Cir. 1998)). The defendants do not present any putative change in controlling law or any new evidence. Reconsideration will only be granted, therefore, if it is necessary to correct clear error or prevent manifest injustice.

### B.    Jurisdiction of Quasi-Judicial Immunity

Defendants contend that "although the Court's Memorandum makes clear what the meaning of quasi-judicial immunity is, the Court's Order does not clearly define that term." (Defs.' Mot. 4.) Defendants' argument is not clear. This Court's October 5 Memorandum and

2

Order clearly vests the office of the Special Inspector with the same limited liability that the

Court's June 16, 2001 Order granted, namely "quasi-judicial immunity [against] all private

damage suits against them arising out of official decisions and actions" for the Special Inspector

and his agents (Mem. Order 2) (citing and discussing Mem. Order, June 16, 2001).  As the Court

explained, "[f]ailure to grant quasi-judicial immunity would not only subject the Special

Inspector and his agents to frivolous litigation and complaints, but it would also divest the

Special Inspector of the independence and impartiality necessary to perform his functions."  Id. at

2-3.  It could not be clearer that the Court limited its grant of "quasi-judicial immunity" to

immunity against private damage suits against the Special Inspector and members of his office

for actions and official decisions arising within the scope of their duties.

Not only is this what the Court intended but it is also what the law requires.  First, as

defendants know, courts have "no authority to grant immunity [from prosecution] or to demand

that the government seek immunity."  United States v. Berrigan, 482 F.2d 171, 190 (3d Cir.

1973) (citing Morrison v. United States, 365 F.2d 521 (D.C. Cir. 1966)).  In the District of

Columbia, the right to confer immunity from criminal "[p]rosecutions . . . relating to disorderly

conduct, and for violations . . . relating to lewd, indecent, or obscene acts," D.C. Code § 23-

101(b), rests exclusively in the Office of the Attorney General.  See  Jaggers v. United States, 482

A.2d 786, 797 (D.C. 1984) ("While the Office of the Corporation Counsel does not have

statutory authority to grant immunity, its agreement not to prosecute is a fundamental equivalent

thereof") (rev'd on other grounds), Carter v. United States, 684 A.2d 331, 334 (D.C. 1996) (a

"grant of immunity is of course an executive not a judicial function") (emphasis added).  With

respect to "[a]ll other criminal prosecutions," D.C. Code § 23-101(c), the discretion to confer

immunity rests squarely with the United States Attorney who, "with the approval of superior officials, [is] authorized to request an order granting immunity to a witness." Earl v. United States, 361 F.2d 531, 534 (D.C. Cir. 1966). In all instances, the right to confer immunity from criminal prosecution "is beyond the power of the courts." Id.

Second, defendants' request for reconsideration also ignores the well-settled proposition that judicial immunity does not exempt court officers from criminal liability even when the criminal act is committed behind the shield of judicial office. United States v. Craig, 528 F.2d 773, 783 (7th Cir. 1976) (citing Braatelien v. United States, 147 F.2d 888, 895 (8th Cir. 1945)). In effect, therefore, defendants ask the Court to clarify whether it intended to confer a benefit it is legally powerless to grant on a Special Inspector who is not legally entitled to benefit from it. Informing the defendants of the clear, controlling law is not necessary to correct clear error or prevent injustice, and thus is not a proper ground for reconsideration.

## C.      Duration of Quasi-Judicial Immunity

Defendants next ask this Court "to reconsider and amend its Order such that the grant of quasi-judicial immunity is limited to Mr. Balaran, as the Special Inspector. Defendants reason that, because Mr. Balaran will no longer serve as an independent contractor after a term of one year and because the grant of immunity in the October 5 Order was based on Mr. Balaran's "unique circumstances as a former Special Master and Special Inspector," the grant of immunity should not be "limitless." (Defs.' Mot. 5.) Defendants misunderstand the October 5 Order.

Defendants are correct that the Court recognized Special Inspector Balaran's "unique circumstances" as Special Master and Special Inspector. However, the Court conferred immunity on the Special Inspector not for Mr. Balaran's personal benefit, but to ensure "the

4

independence and impartiality necessary to perform his duties." (Mem. Order 3).   The Court

recognized the need for a Special Inspector unburdened by gratuitous complaints and frivolous

litigation when it first signed the Final Order on January 16, 2001, and again when it appointed

Carolyn Lerner to the position of Special Inspector in April 2003.   Notwithstanding defendants'

attempt to cast the October 5 Order as one stemming solely from Mr. Balaran's "unique

circumstances," the Court's Orders have consistently sought to secure the integrity of the Special

Inspector's office – regardless of who holds the position of Special Inspector.  The most rescent

quasi-judicial immunity Order serves the same purpose.  The defendants have not shown that the

Court's decision not to limit the quasi-judicial immunity of the OSI to the term of Alan Balaran's

tenure was clearly erroneous or would result in manifest injustice.  Accordingly, reconsideration

on this ground also will be denied.

## CONCLUSION

For the foregoing reasons, defendants' motion [2368] to reconsider and to amend the

Court's Order [2367] issued October 5, 2005 will be DENIED.

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, November 22, 2005.